# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: H.J. and H.J.**

**No. 12-1498** (Wetzel County 11-JA-18 & 19)

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Father, by counsel Jeremiah Gardner, appeals the Circuit Court of Wetzel County's order entered on November 27, 2012, terminating his parental rights to the children.[1] The children's guardian ad litem, Roger Weese, filed his response on behalf of the children. The West Virginia Department of Health and Human Resources ("DHHR"), by Lee Niezgoda, its attorney, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

A petition for immediate custody of minor children in imminent danger was filed alleging that the children have sustained substantial emotional injury due to witnessing multiple instances of domestic violence. On December 23, 2011, the DHHR filed an amended petition further alleging that Petitioner Father admitted to having a drug problem; specifically, he admitted to the use of Percocet and marijuana, and he acknowledged the need for treatment. Following a hearing and a stipulated adjudication, the circuit court held that the children were abused and neglected and that Petitioner Father was an abusing and neglectful parent. The circuit court granted Petitioner Father a six month post-adjudicatory improvement period. On August 28, 2012, the circuit court held that Petitioner Father substantially complied with the terms of his improvement period and granted him a three-month extension. However, on September 19, 2012, Petitioner Father was indicted on one count of conspiracy to deliver Oxycodone and one count of delivery of a controlled narcotic substance (Oxycodone). In terminating Petitioner Father's parental rights, the circuit court found Petitioner Father "has failed to adequately improve his circumstances due to his drug dependency," an emergency situation exists, and "there is no reasonable likelihood that the conditions of abuse and neglect can be corrected in the near future . . . ."

On appeal, Petitioner Father argues that he should be given another chance to complete the drug treatment aspect of his improvement plan because he made progress during the twenty-

---

[1] Petitioner's counsel notes that this petition for appeal was filed pursuant to *Anders v. Cal.*, 386 U.S. 738, 87 S.Ct. 1396 (1967).

eight-day rehabilitation program but needs additional rehabilitation. Finally, Petitioner Father argues he should be allowed to participate in an improvement plan even if he is convicted of the drug charges, as long as he is not incarcerated.

In response, the children's guardian ad litem and the DHHR contend the circuit court properly terminated Petitioner Father's parental rights. The guardian argues that Petitioner Father failed six drug tests; failed to show for a drug test on four separate occasions, which counted as failed tests; did not attend inpatient drug testing as requested by the circuit court; became argumentative and combative during parenting sessions; and was indicted on two felony drug charges. The DHHR adds that Petitioner Father refused intensive long-term inpatient addiction treatment.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.* 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of Petitioner Father's parental rights to the children. The facts show that petitioner has failed to make meaningful progress during his post-adjudicatory improvement period. Petitioner Father was indicted on two felony drug charges and failed to improve his circumstances due to his drug dependency. The Court finds that the circuit court was presented with sufficient evidence upon which it based findings that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental, custodial, and guardianship rights upon such findings.

For the foregoing reasons, the circuit court's order terminating Petitioner Father's parental rights is hereby affirmed.

Affirmed.

**ISSUED**: May 24, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II